IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH P. SEAY, D.D.S, MS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-682-D |
| | ) | |
| OKLAHOMA BOARD OF DENTISTRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Defendants' Motion to Dismiss [Doc. No. 28]. Plaintiffs have filed their response in opposition [Doc. No. 29] and Defendants have replied [Doc. No. 30]. The matter is fully briefed and at issue.

## BACKGROUND[1]

Plaintiffs are dentists/dentist anesthesiologists who bring this action under 42 U.S.C. § 1983, challenging as unconstitutional the "Specialty License" section of the Oklahoma Dental Act (hereinafter "ODA" or "the Act"), Okla. Stat. tit. 59, § 328.22; its penalty section, Okla. Stat. tit. 59, § 328.32; certain rules and regulations of the Oklahoma Board of Dentistry (the Board); and actions taken by Defendants that Plaintiffs contend violated their constitutional rights and were made under color of law.

---

[1] The following well-pleaded facts were largely taken from the Amended Complaint and, along with all reasonable inferences, are viewed in the light most favorable to Plaintiffs. Legal arguments and conclusory allegations, however, were not considered. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

Plaintiff Joseph Seay has an advanced post-doctoral degree in dental anesthesiology and is certified as a Dentist Anesthesiologist by the American Dental Board of Anesthesiology (ADBA). Plaintiff Lois Jacobs has been certified in dental anesthesiology for nearly forty years. As dental anesthesiologists, Plaintiffs have completed postdoctoral anesthesiology residency programs in hospitals, ambulatory surgical centers and offices for patients receiving both medical and dental procedures, emergency medicine, acute and chronic pain management, internal medicine, and cardiology.

The Board is an agency of Oklahoma state government charged with enforcing the provisions of the State Dental Act. Okla. Stat., tit. 59 § 328.7(A). It is empowered to formulate, adopt, and promulgate rules as may be necessary to regulate the practice of dentistry in Oklahoma. *Id*. § 328.15. The individual defendants are members of the Board who are sued in their individual and official capacities.

The State Dental Act provides for the issuance of specialty licenses. It states:

> The Board of Dentistry may issue a dental specialty license authorizing a dentist to represent himself or herself to the public as a specialist, and to practice as a specialist, in a dental specialty.

*See* Okla. Stat. tit. 59, § 328.22(A)(1). The statute, however, also provides that no dentist shall represent themselves to the public as a specialist, nor practice as a specialist, unless the individual has: (1) successfully completed an advanced dental specialty educational program defined by the American Dental Association (ADA) and the Board and accredited by the Commission on Dental Accreditation, (2) met the requirements for a general dental license set forth by § 328.21 of the ODA, (3) passed the jurisprudence examination covering the Act, rules and state laws, and (4) completed any additional requirements set

forth in state law or rules and has been issued a dental specialty license by the Board. *Id.* § 328.22(A)(2).

Under its administrative regulations, the Oklahoma Board of Dentistry ("the Board") states that it will recognize only those specialties which have been approved by the ADA, which are: dental public health, endodontics, oral and maxillofacial surgery, oral and maxillofacial radiology, orthodontics and dentofacial orthopedics, pediatric dentistry, periodontics, prosthodontics and oral pathology. *See* Okla. Stat. tit. 59, § 328.22(A)(3); Okla. Admin. Code (OAC) § 195:10-9-2. The Board may penalize dentists if they advertise to the public that they are a specialist without holding a specialty license issued by the Board. *See* Okla. Stat. tit. 59, § 328.32 (10), (11).[2]

In applying the foregoing statutes and regulations against them, Plaintiffs contend Defendants engaged in several instances of unconstitutional conduct, to wit:

(1) Plaintiffs allege Seay's due process rights were violated because his application for a specialty license was never put on the Board's docket for consideration, despite the Board's assurances to Seay that the application was complete and no additional information was necessary;

(2) Plaintiffs allege Defendants violated the due process guarantees of the Fourteenth Amendment by requiring Plaintiffs to provide details about every dental office where they provided their services, even though the governing statute only requires the Board to maintain information regarding a dentist's *principal* place of business; and

---

[2] Such penalties include, but are not limited to, suspension of the dentist's license, revocation of the license, imposition of an administrative penalty not to exceed $1,000, a censure, probation, and restriction of services the dentist may provide. *See* Okla. Stat. tit. 59, § 328.44a.

3

(3) Plaintiffs allege the Board sent intimidating letters to dentists who contracted with Seay for services.

Amend. Compl. at 9-12.

Plaintiffs contend the foregoing statutes and rules unconstitutionally prohibit them from truthfully advertising their area of expertise; irrationally and arbitrarily create discriminatory classifications between dentists who have specialties approved by the ADA and those who have obtained professional credentials in areas not recognized by the trade association; deprive them from receiving a specialty license; unreasonably restrict their practice; and prohibit them from advertising as specialists despite their having received advanced dental degrees and training.

Plaintiffs request that the Court declare Okla. Stat. tit. 59, §§ 328.22, 328.32 (10), (11) and Okla. Admin. Code § 195:10-9-2 unconstitutional and enjoin Defendants from enforcing the foregoing laws against them. Plaintiffs also seek compensatory damages against the individual Defendants for the alleged deprivation of their constitutional rights, which Plaintiffs contend has damaged their earning capacity and "thwarted their legitimate expectation of the economic and reputational benefits of their advanced degrees." *See* Amend. Compl. ¶ 39.

Defendants move to dismiss the Amended Complaint alleging the Complaint fails to state a claim upon which relief can be granted because: (1) Plaintiffs lack standing to challenge the statutes in question; (2) Plaintiffs have failed to exhaust their administrative remedies; (3) Plaintiffs cannot obtain money damages against the Board members in their

official capacities; (4) Oklahoma neither recognizes nor permits the issuance of an anesthesiology specialty license; and (5) Plaintiff Seay was not denied due process.

## STANDARD OF DECISION

Pursuant to the seminal decisions of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). The Tenth Circuit has noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. *Robbins*, 519 F.3d at 1248. "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between

heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id*. at 1247.

Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *Khalik*, 671 F.3d at 1192 ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden.") (quoting *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009)).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.[3] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id*. In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id*. In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id*. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the

---

[3] Defendants characterize their Motion as one pursuant to Rule 12(b)(6) but also include an attack on subject matter jurisdiction based on standing. Motion at 5.

truthfulness of the complaint's factual allegations. *Id*. Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*. Here, the contentions in Defendants' motion constitute a factual attack because they challenge the facts upon which Plaintiffs base subject matter jurisdiction. However, neither party has presented any evidence outside the pleadings for examination nor is any necessary given the nature of the factual allegations in the Amended Complaint and the admissions in the briefs.

## DISCUSSION

### I. Exhaustion

Defendants argue Plaintiffs' claims must be dismissed because they failed to exhaust administrative remedies under OAC § 195:3-1-10. This provision allows an individual to seek a declaratory ruling from the Board regarding its application or enforcement of a rule or statute. Generally, the request must (1) be in writing and signed by the individual seeking the ruling; (2) state the rule or statute involved; and (3) contain a concise statement of fact for which the ruling is sought. OAC § 195:3-1-10(a). Upon receipt, the Board may consider the request at its next scheduled meeting, or defer action pending an investigation or hearing. The Board shall issue a written ruling or provide a written explanation to the individual filing the request as to why a ruling will not be issued. *Id*. §§ 195:3-1-10(b)-(d).

In *Pinder v. Mitchell*, 658 F. Appx. 451 (10th Cir. 2016) (unpublished), the Tenth Circuit described three types of § 1983 cases, two of which do not require exhausting state remedies while the third does:

> In a civil rights claim against a state official brought under 42 U.S.C. § 1983, the general rule is that a plaintiff need not exhaust potential state-level remedies before seeking federal relief. This is because the constitutional violation actionable under § 1983 is complete when the wrongful action is taken. This rule applies to two of the three kinds of § 1983 claims that can be brought under the Due Process Clause of the Fourteenth Amendment: (1) deprivations of rights guaranteed by the Bill of Rights and incorporated by the Due Process Clause, and (2) substantive due process rights. But the general rule does not always apply to the third kind of due process claim: when a plaintiff complains that his procedural due process rights were violated. This is because the Constitution does not outright prohibit states from ever taking a citizen's life, liberty, or property, but only from doing so without due process of law. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. Only if the State provided no remedies, or the remedies were inadequate, could a plaintiff claim a taking of property occurred without due process of law.

*Id*. at 453 (internal citations and quotations omitted). In sum, the two types of § 1983 claims that do not require exhausting state remedies are those which allege (1) deprivations of rights guaranteed by the Bill of Rights and incorporated by the Due Process Clause, or (2) substantive due process rights. The third type of case—that requires exhausting state remedies—arises when a plaintiff complains that his procedural due process rights were violated.

Plaintiffs' § 1983 claims are of the first and second types, which do not require exhaustion of state remedies. "It is undisputed that [Plaintiffs have] a property interest in [their] professional license to practice dentistry." *Seay v. Campbell*, 130 F. App'x 268 (10th Cir. 2005) (unpublished). As noted above, in their Amended Complaint, Plaintiffs allege

the statutes in question, as implemented by Defendants, violate their First Amendment right to free speech, deprive them of their property and liberty interests, and violate their right to equal protection under the Fourteenth Amendment of the U.S. Constitution. To bring a substantive due process claim, a plaintiff must allege the deprivation of property. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 527 (10th Cir. 1998). Plaintiffs claim violations of their rights guaranteed by the Bill of Rights and incorporated by the Due Process Clause, as well as substantive due process rights. Therefore, their § 1983 claim falls under the first and second categories described in *Pinder*. The Tenth Circuit does not require Plaintiffs to exhaust all state remedies prior to pursuing any federal remedies. Defendants' motion on this issue is therefore denied.

It may be argued Plaintiffs have also alleged a procedural due process violation, which would require exhaustion under *Pinder*. Plaintiff Seay alleges his application for a specialty license was never considered, which is the essence of a due process claim. *See* Amend. Compl. ¶ 41 ("Oklahoma's regulatory scheme deprives Plaintiffs of *procedural* and substantive due process of law.") (emphasis added); *id*. ¶¶ 44-46; *see also Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir. 1984) ("The essence of procedural due process is that the parties be given notice and opportunity for a hearing.") (citations omitted). This is unpersuasive for two reasons. First, in closely examining Plaintiffs' Amended Complaint, the thrust of Plaintiffs' Amended Complaint is Defendants' failure and/or refusal to recognize their specialties as dental anesthesiologists, which implicates substantive due process considerations.

9

Second, under the allegations of the Amended Complaint, failure to exhaust remedies would be excusable. "A court may excuse exhaustion if administrative remedies would be futile, when administrative remedies would provide inadequate relief, or when the agency has adopted a policy or practice of general applicability which is contrary to law." *Bryan v. Office of Personnel Mgmt.*, 165 F.3d 1315, 1319 n. 4 (10th Cir. 1999) (citation omitted). The Board argues that Oklahoma does not recognize anesthesiologist specialists as a dental specialty and it thus has no authority to issue such a license. Therefore, the administrative remedy would be inadequate. Plaintiffs request that the Court declare the statutes in question to be unconstitutional, issue injunctive relief, and award them compensatory damages -- remedies that the Board has no authority to grant. Thus, in the Court's view, resort to administrative relief is excused.

## II. Standing

Defendants next contend Plaintiffs lack standing to bring the present suit because the Board has neither taken nor threatened any action against Plaintiffs. Motion at 7. Indeed, "[t]hose who seek to invoke the jurisdiction of the federal courts must satisfy the case-or-controversy requirement imposed by Article III of the Constitution." *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *Faustin v. City and County of Denver, Colo.*, 268 F.3d 942, 947 (10th Cir. 2001)). A plaintiff "must demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions." *Id.* (quoting *Lyons*, 461 U.S. at 101). "To meet this standing requirement, a plaintiff must demonstrate 'that (1) he or she has suffered

an injury in fact;[4] (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision.'" *Ward*, 321 F.3d at 1266) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir.1997) (further citations omitted)). At the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). "In the First Amendment context, two types of injuries may confer Article III standing to seek prospective relief. First, a plaintiff generally has standing if he or she alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder.'[5] Second, although allegations of a 'subjective' chill are not adequate, a First Amendment plaintiff who faces a credible threat of future prosecution suffers from an 'ongoing injury resulting from the statute's chilling effect on his desire to exercise his First Amendment rights.'" *Id*. at 1267 (citations omitted). A plaintiff may have standing even if they have never been prosecuted or actively threatened with prosecution. *Id*. (citing *Doe v. Bolton*, 410 U.S. 179, 188 (1973)).

---

[4] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (citation omitted). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (citation omitted).

[5] The Court sees no meaningful distinction under present circumstances between an individual's *prosecution* and the penalties at issue here, since both acts entail punishment by the State for participating in certain prohibited conduct.

Under this standard, the Court finds Plaintiffs have pled adequate facts evidencing standing. As stated *supra*, Plaintiffs have a property interest in their professional license to practice dentistry. Plaintiffs allege they cannot advertise truthfully or hold themselves out as anesthesiologists due to (1) the statutes and regulations only recognizing specific, enumerated specialties and (2) the threat of punishment from the Board.[6] The Tenth Circuit has previously held there is no requirement that an alleged injury must meet some threshold of pervasiveness to satisfy Article III; rather, "an identifiable trifle is enough for standing to fight out a question of principle." *American Humanist Ass'n, Inc. v. Douglas Cnty. Sch. Dist. RE-1*, 859 F.3d 1243, 1248 (10th Cir. 2017) (quoting *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 689 n.14 (1973)). Obviously, a ruling from this Court permitting Plaintiffs to advertise their specialty would redress the alleged injury. Accordingly, Plaintiffs have standing in these proceedings.

## III. Money Damages

Defendants next contend that, to the extent Plaintiffs seek money damages against the Board, its members, and its director, Susan Rogers, in their official capacities, such

---

[6] To the extent that Defendants argue an Oklahoma Court of Civil Appeals ruling that the advertising prohibition violated Plaintiff Jacobs' First Amendment free speech rights is not binding on Defendant Board, or in the alternative, is res judicata, the Court finds there is insufficient evidence to rule in Defendants' favor. Neither party has attached, fully cited, quoted, or even provided the date of the unpublished opinion. *See* LCvR 7.1(f). Plaintiffs concede that the ruling constitutes issue preclusion as to the prohibition's violation of the First Amendment, but the Court cannot determine the extent of the ruling's implications on this case from the briefing before it or locate the unpublished opinion for examination. However, Defendant admits "that no statutory changes have been made" since the Oklahoma Court of Civil Appeals ruling. Motion at 6. Therefore, Plaintiffs are still subject to "running afoul of the law and jeopardizing their professional licenses" and the motion to dismiss should be denied for the reasons stated herein. Response at 7.

claim is barred. Indeed, it is well-established that the Eleventh Amendment bars a § 1983 claim for money damages against state officials in their official capacities. *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). Plaintiffs' Amended Complaint, however, states it seeks, *inter alia*, "compensatory damages from the *individually named* Defendant Board members and Defendant Rogers" and a permanent injunction. *See* Amend. Compl. at 19 (emphasis added). It is likewise well-established that a plaintiff suing under § 1983 "may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991)). Here, Plaintiffs do not seek monetary damages from Defendants in their official capacities, but individually, and request prospective injunctive relief. Such recourse is permissible under extant precedent from the Supreme Court and Tenth Circuit. Accordingly, Defendants' motion is denied on this issue.

V.   **Seay's Application**

Lastly, Defendants' contend Plaintiff Seay has failed to state a claim because (1) he has applied for a license that does not exist, and (2) his due process claim fails because Oklahoma law does not require an individual hearing on a license application. These contentions are without merit. First, the crux of Plaintiffs' lawsuit is the assertion that Oklahoma law impermissibly prohibits them from advertising or otherwise holding themselves out as anesthesiology specialists. Plaintiffs challenge this non-recognition as an infringement on their constitutional rights to free speech, due process, as well as an unlawful restraint on trade. Second, Plaintiffs' Amended Complaint alleges that Seay's

13

application was *never* considered, and thus, he was not afforded an opportunity to be heard. *See* Amend. Compl. ¶¶ 44-45. Stated *supra*, the essence of procedural due process is that a party must be given notice and *opportunity* for a hearing. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir. 1984).

This contrasts with the facts in *Boyer v. State Bd. of Examiners of Psychologists*, 1992 OK CIV APP 80, 834 P.2d 450, cited by Defendants. There, the Court of Civil Appeals noted the plaintiff/appellant "had the opportunity to be heard and to present materials supporting his application, and he was represented by counsel." *Id.* at 453. Thus, although an individual proceeding may not be required under Oklahoma law, it envisions, at a bare minimum, that a party be given notice and an opportunity to be heard. Plaintiffs' Amended Complaint alleges such did not occur.

At this stage of proceedings, Plaintiffs are required only to give Defendants fair notice of their claims and the grounds upon which they rest. *Erickson*, 551 U.S. at 93. A well-pleaded complaint may proceed in court "even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (paraphrasing in original, internal quotations omitted). Plaintiffs have satisfied this standard.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss is **DENIED** as set forth therein.

**IT IS SO ORDERED** this 10th day of January, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE