IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSEPH P. SEAY, D.D.S., MS, )
LOIS JACOBS, D.D.S., )
)
    *Plaintiffs*, )
)
v. ) Case No. CIV-17-682-D
)
OKLAHOMA BOARD OF DENTISTRY; )
SUSAN ROGERS, as the Executive Director of )
the OKLAHOMA BOARD OF DENTISTRY, )
and as an individual; et al., )
)
    *Defendants*. )

### **O R D E R**

Before the Court is Plaintiffs' Motion for Sanctions and Motion to Compel Deposition [Doc. No. 43], filed pursuant to FED. R. CIV. P. 37 (d)(1)(A). Defendant Curtis Bowman has timely opposed the Motion, which is fully briefed.[1]

By their Motion, Plaintiffs accuse Defendant of failing to appear at his deposition without notice. Motion at 4. Previous efforts from both parties to schedule the deposition at a mutually-agreeable time had failed. *Id*. at 3–4. Plaintiffs were aware that Defendant was under the belief he had not been personally served and was therefore refusing to appear for the deposition. *Id*. at 4. A court reporter appeared for the deposition and made a record of Defendant's failure to appear. *Id*. Defendant notes that there had been an exchange between Plaintiffs' counsel and defense counsel, which left defense counsel under the

---

[1] The time for filing a reply brief has expired. *See* LCvR7.1(i).

impression that there would be further discussion about the deposition before it took place. Response at 3. The parties have introduced documentation that verifies this was a reasonable assumption. Response, Ex 1 [Doc. No. 47-1]. A new deposition date has since been agreed upon and was again rescheduled due to Plaintiffs' conflict.

Federal Rule of Civil Procedure 37(d)(1)(A)(i), provides that a court may enter sanctions against a party who fails to appear for his deposition after being served with proper notice. Under that authority, "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). The Supreme Court has described the test of "substantially justified" under Rule 37 as "a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Substantially justified" connotes "not justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id*; *accord Lester v. City of Lafayette, Colo*., 639 F. App'x 538, 542 (10th Cir. 2016).

Upon consideration of the parties' briefs, and the undersigned's personal knowledge of the parties' discovery disputes in this case, the Court declines to make an award to Plaintiffs of expenses sought by the Motion.

First, the Court notes that Plaintiffs have shown compliance with LCvR37.1 with

respect to their Motion. The requirement of an informal conference between counsel is applicable to "all motions or objections relating to discovery pursuant to FED. R. CIV. P. 26 through 37." Counsel met in person to discuss this issue on October 25, 2019. *See* LCvR37.1. In the Court's view, however, Defendant's failure to appear at the deposition was due to a reasonable mistake and miscommunication, after a well-documented set of events. Counsel for both parties have at times rescheduled the deposition for a variety of reasons, and there is nothing in the record to indicate that there were any bad-faith intentions to disrupt the discovery process. The Court declines to sanction Defendant, or to compensate Plaintiffs, with an award of costs and expenses "where reasonable people could differ as to the contested action." *Pierce*, 487 U.S. at 565.

The Court further notes that the parties have not yet agreed upon a time and place to hold the deposition. The discovery deadline has been extended to March 7, 2020. Given the many unsuccessful attempts to schedule Defendant's disposition, the Court finds, for good cause shown, Plaintiffs' Motion to Compel Deposition should be granted.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Deposition [Doc. No. 43] is **GRANTED** in part. Defendant Bowman is ordered to appear for the taking of his deposition on an agreed-upon date by counsel of record, to take place not later than Wednesday, February 19, 2020.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions [Doc. No. 43] is **DENIED**.

**IT IS SO ORDERED** this 10th day of January, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge