## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSEPH P. SEAY, D.D.S., MS, and )
LOIS JACOBS, D.D.S., MS., )
     )
       *Plaintiffs,* )
     )
v. )        Case No. CIV-17-682-D
     )
OKLAHOMA BOARD OF DENTISTRY, )
et al., )
     )
       *Defendants.* )
     )

# O R D E R

Before the Court is a Motion for Judgment as a Matter of Law and Permanent Injunctive Relief [Doc. No. 50] filed by Plaintiffs Joseph Seay and Lois Jacobs. Defendants have filed a Response [Doc. No. 57], to which Plaintiffs' have replied [Doc. No. 60]. Defendants filed a subsequent Motion for Summary Judgment [Doc. No. 61]. Plaintiffs filed a Response [Doc. No. 64] in opposition, to which Defendants replied [Doc. No. 65].

# BACKGROUND

This dispute involves a 42 U.S.C. § 1983 action filed against, *inter alia*, the Oklahoma Board of Dentistry ("Defendant Board"). Plaintiffs are dentist anesthesiologists who both hold advanced degrees. Plaintiffs' Motion [Doc. No. 50] Exs. 3, 5. They are licensed as general dentists, although their practice is focused exclusively on providing anesthesia services. Plaintiffs' Motion at 3.

Sections of the Oklahoma Dental Act and Dental Board rules prohibit Plaintiffs from advertising to the public as specialists, as these do not recognize Plaintiffs' field as a specialty and thereby preclude them from obtaining a specialty license. OKLA. STAT. tit. 59 § 328.22 (A)(2).  If Plaintiffs advertise as specialists without holding a specialty license, they would be in violation of the law. OKLA. STAT. TIT. 59 § 328.22 (A)(10), (11).  Plaintiff Seay has filed an application for a specialty license, and that application has not yet been considered.  Any relevant undisputed facts will be set forth in the analysis below.

## STANDARD OF DECISION

*Declaratory Judgment Act*

Under Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such a declaration" where a party files "an appropriate pleading." 28 U.S.C. § 2201(a); *accord Kunkel v. Continental Casualty Co*., 866 F.2d 1269, 1273 (10th Cir. 1989).  The Federal Rules "govern the procedure for obtaining a declaratory judgment under [the Act]." FED. R. CIV. P. 57. As such, "the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions." *Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010). When faced with a motion for declaratory judgment, courts therefore often construe the motion as a motion for summary judgment on a declaratory judgment action. *See e.g., Kam–Ko Bio–Pharm Trading*, 560 F.3d 935, 943 (9th Cir. 2009) (upholding the district court's decision to construe a motion for declaratory judgment as a motion for summary judgment).

*Summary Judgment*

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.,* 431 F.3d 1241, 1255 (10th Cir. 2005). Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986).

## DISCUSSION

Plaintiffs move the Court to enter a declaratory judgment finding that the subject statutes and rules are unconstitutional, both on their face and as applied, and enjoin Defendants from enforcing the same.[1]   Defendants counter with a motion for summary

---

[1] Importantly, Plaintiffs' Motion asks for the Court to rule only on the constitutionality of the laws and regulations under the United States Constitution and briefs only 42 U.S.C. § 1983 claims. *See* Plaintiffs' Motion at 1 ("This case is about rights secured by the First and Fourteenth Amendments to the United States Constitution. . . "); *id.* at 2 ("The primary question in a 42 U.S.C § 1983 action, is whether constitutional rights have been violated."). Plaintiffs' Motion makes no mention of the Oklahoma constitution nor 15 U.S.C. § 1.

judgment arguing that Plaintiffs have failed to allege a constitutional violation, that, in any case, the action is time barred, and that they are entitled to qualified immunity.

The Court herein interprets these filings as cross-motions for summary judgment on Plaintiffs' 42 U.S.C. § 1983 allegations. *See Shelter Mut. Ins. Co. v. Phillips,* No. CIV-17-1237-C, 2018 WL 2976435, at *1 (W.D. Okla. June 13, 2018) (Cauthron, J.) ("When faced with a motion for declaratory judgment, courts therefore often construe the motion as a motion for summary judgment on a declaratory judgment action."); *Miller v. Cincinnati Ins. Co.,* 290 F. Supp. 3d 1204, 1207 (D.N.M. 2018) ("[T]he Court construes the parties' cross-motions for declaratory judgment as cross-motions for partial summary judgment on Plaintiff's claim for declaratory judgment."); *Doe v. Bd. of Cty. Comm'rs of Craig Cty.,* No. 11-CV-0298-CVE-PJC, 2012 WL 2872790, at *3 (N.D. Okla. July 12, 2012) ("In effect, plaintiff's motion for a declaratory judgment is a motion for summary judgment on his request for a declaratory judgment.").

### I.    Plaintiffs' Amended Complaint alleges Plaintiffs have been deprived of their constitutional rights by those acting under color of state law.

The Amended Complaint [Doc. No. 19] challenges as unconstitutional—facially and as applied—the Specialty License section of the Oklahoma Dental Act, and certain rules and regulations of Defendant Board, specifically OAC 195:10-9-2. *See* Amended Complaint at 2 ¶ 2.    Plaintiffs state four causes of action: (1) Deprivation of Property and Liberty Interests Without Due Process of Law; (2) Equal Protection; (3) Freedom of Speech; (4) Restraint of Trade in Violation of 15 U.S.C. §§ 1–26.  Plaintiffs point to the

following instances of unconstitutional conduct, which they allege are actionable under 42 U.S.C. § 1983:

> (1) Defendant Board refused to consider Plaintiff Seay's application for a specialty license on June 16, 2017.
>
> (2) "[O]n June 25, 2015, the Board sent a letter to Oklahoma dentists who contracted for [Plaintiff Seay's] services.  These letters resulted from the improper requirement to disclose every dentist office where Plaintiff provided his services."  Amended Complaint at 11.
>
> (3) That "[Defendant] Board's decision to amend the statute and rule after the Court of Appeals' decision in 1993,[2] is a knowing and willful violation of the Plaintiffs' constitutional right to speech." Amended Complaint at 15.

The Amended Complaint states the constitutional challenges are brought under the United States and Oklahoma constitutions.  *Id*. at 3.  The first three causes of action, to the extent they allege violations of the United States Constitution and federal law, are actionable under 42 U.S.C. § 1983.

## II.     Plaintiffs' action is time barred, and as such, summary judgment in Defendants' favor is appropriate.

Section 1983 provides a federal civil remedy for the "deprivation of any rights, privileges, or immunities secured by the [United States] Constitution [and certain other federal laws]" by any person acting under the color of law. 42 U.S.C. § 1983. Because

---

[2] *Oklahoma Board of Governors of Registered Dentists v. Lois Jacobs*, Case No. 79,315. *See* Plaintiffs' Motion [Doc. No. 50-14] at 2, 20.

"[t]here is no applicable federal statute of limitations relating to civil rights actions brought under section[ ] 1983," courts borrow the limitations period for such claims from the "state where the cause of action arose." *Crosswhite v. Brown*, 424 F.2d 495, 496 (10th Cir. 1970) (per curiam); *Lawson v. Okmulgee Cty. Criminal Justice Auth.,* 726 F. App'x 685, 690 (10th Cir. 2018).

The Tenth Circuit has determined that every § 1983 claim is "in essence an action for injury to personal rights." *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984). Thus, the Court must apply the most analogous Oklahoma statute, which provides a two-year limitations period. *See* OKLA. STAT. tit. 12, § 95(A)(3) ("Civil actions . . . can only be brought within [two years] after the cause of action shall have accrued, and not afterwards ... for injury to the rights of another.").

Defendants contend, and Plaintiffs agree, that the limitations period is governed by Oklahoma law, 12 OKLA. STAT. tit. § 95 (A)(3). They disagree, however, as to the date of accrual.

Even though the limitations period for § 1983 claims is borrowed from state law, the question of when a cause of action accrues under § 1983 remains one of federal law. *See Lawson,* 726 F. App'x at 690. It is well settled that a "civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). The injury in a § 1983 claim is the violation of a constitutional right, and such claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *See Lawson,* 726

6

F. App'x at 690.  To determine the accrual date, the Court must first identify the alleged constitutional violations and then determine when they occurred. *See id*.

Plaintiffs allege that their claims are not time barred only because of the continuing violations doctrine.

There is some dispute over whether the continuing violations doctrine applies to § 1983 suits. *Burkley v. Corr. Healthcare Mgmt. Of Oklahoma, Inc*., 141 F. App'x 714, 716 n.2 (10th Cir. 2005) (collecting and comparing Tenth Circuit authority); *see Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016) (noting that the Tenth Circuit has never formally adopted the doctrine in the context of § 1983 actions); *see also Mercer-Smith v. N.M. Children, Youth & Families Dep't*, 416 Fed. App'x. 704, 712 (10th Cir. 2011) (unpublished) ("[T]he doctrine of continuing violations does not apply to § 1983 claims.").

District courts in the Tenth Circuit have repeatedly declined to apply the doctrine, given the lack of support from the Tenth Circuit.  *See, e.g., Taylor v. City of Claremore*, No. 18-CV-269-GKF-FHM, 2019 WL 3482965, at *8 (N.D. Okla. July 31, 2019) ("several district courts in this circuit have [] held that the doctrine of continuing violations does not apply to § 1983 claims")(collecting cases); *Griffin v. Gorman*, No. 17-CV-03019-MSK-KMT, 2019 WL 4464021, at *7 (D. Colo. Sept. 18, 2019) (declining to apply the continuing violation doctrine to § 1983 claims); *Barber v. Sutmiller*, No. CIV-15-78-C, 2016 WL 7157401, at *10 (W.D. Okla. Aug. 11, 2016), *report and recommendation adopted*, No. CIV-15-78-C, 2016 WL 7156791 (W.D. Okla. Dec. 7, 2016) (finding that to apply the doctrine would be to decline to follow Tenth Circuit precedent); *Perry v. Geo Grp., Inc.,*

7

*No*. CIV-08-1044-R, 2009 WL 3698473, at *8 (W.D. Okla. Nov. 4, 2009) (declining to decide if the continuing violations doctrine is applicable to § 1983 suits).

The Court notes that, like in many of the cited district court decisions, even if the doctrine applies to § 1983 claims, it is not applicable to the instant case. This is so because "if an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine to overcome" the statute of limitations. *Martin v. Nannie & The Newborns, Inc.,* 3 F.3d 1410, 1415, n.6 (10th Cir. 1993). "The continuing violation doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." *Martin*, 3 F.3d at 1415, n.6.

Plaintiffs' chief complaint is that their rights have been violated because the subject laws and regulations prohibit them from representing themselves to the public as specialists. *See* Response [Doc. No. 64] at 4. Plaintiffs received their advanced degrees in the 1980s and completed their residencies prior to 1993. *See* Amended Complaint at 4. Plaintiff Jacobs was the subject of an adversarial administrative action in 1991 and appealed the administrative agency's decision in state court. Amended Complaint at 14. Ever since Defendants' loss in the *Jacobs* case, Plaintiffs assert that Defendants should have known they were violating Plaintiffs' constitutional rights. *See* Response at 20. Given these facts, it would be difficult for the Court to conclude that a reasonable person in Plaintiffs' circumstances would not have been "aware that his or her rights [had] been

8

violated" prior to June 21, 2015—two years before the instant lawsuit was filed. *Martin*, 3 F.3d at 1415, n.6; *see* Jacobs Depo. [Doc. No. 61-9] at 12 (threat of prosecution felt since early 1990s); Response at 4 ("[Dr. Seay] . . . has perceived a threat since the 1990s). It was not a subsequent event that alerted Plaintiffs to the fact that their rights were being violated, but rather, subsequent events were nothing more than a "continual ill effect" of Defendants' longstanding actions. *See McCormick v. Farrar*, 147 F. App'x 716, 722–23 (10th Cir. 2005). [3] The facts of this case fail to give rise to the equitable notions upon which the continuing violations doctrine is premised. *Martin*, 3 F.3d at 1415, n.6. Therefore—and in light of conflicting guidance from the Tenth Circuit, and the persuasive authority counseling against the application of the doctrine—the Court declines to extend the continuing violation doctrine to Plaintiffs' § 1983 claims.

Because the Court finds Plaintiffs' § 1983 claims are time barred, there is no need to consider Defendants' qualified immunity argument, raised for the first time in their motion for summary judgment. *See Yarbrough v. City of Kingfisher*, 153 F.3d 730 (10th

---

[3] For example, Plaintiffs point to a subsequent act: Defendants declining to review Plaintiff Seay's application on June 16, 2017. Plaintiffs also point to several instances where the legislature failed to amend the statute following judicial opinions—including one from the Fifth Circuit—finding a different statute, one not at issue in this case, unconstitutional. But those decisions have no bearing on their continuing violations argument. Plaintiffs were already aware that their rights may have been violated. *See* Response at 4 ("[Dr. Seay] . . . has perceived a threat since the 1990's); Response at 20 ("After Defendants lost the [1993] *Jacobs* case, they should have advised the Legislature that the Court of Appeals had determined the Dental Act statute unconstitutionally restricted speech."). The reasonable person would have been aware her rights were being violated since, at least, the time the *Jacobs*' case was decided.

Cir. 1998) (finding that "because [§ 1983] claims were time barred, whether disputed facts existed was irrelevant, and summary judgment to [] defendants was proper").

### III.     Before deciding whether to exercise jurisdiction over state law claims, the Court orders further briefing on Plaintiffs' fourth cause of action.

It is well established that, should all federal claims be dismissed, "the court may, and usually should, decline to exercise [supplemental] jurisdiction over any remaining state claims." *VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1150 (10th Cir. 2017); *see Hansen v. Salt Lake City Corp.*, 764 F. App'x 770, 773 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 442, 205 L. Ed. 2d 255 (2019) (affirming the district court's decision to dismiss state constitutional claims without prejudice after dismissing § 1983 claims with prejudice). Plaintiffs' Amended Complaint states the constitutional challenges are brought under the United States and Oklahoma constitutions.  Amended Complaint at 3.

Plaintiffs Amended Complaint also lists as its Fourth Cause of Action, "Restraint of Trade in Violation of 15 U.S.C. §§ 1–26."  The involved sections of the United States Code referenced in the Amended Complaint are not cited in any briefing subsequently filed.  The original Complaint [Doc. No. 1] stated Plaintiffs seek "an injunction against the enforcement [of the relevant laws and regulations] under Section 16 of the Clayton Act, 15 U.S.C. § 26."  Complaint at 17 ¶ 80.  Defendants' First Motion to Dismiss [Doc. No. 20] makes no mention of the fourth cause of action or 15 U.S.C. § 1, *et seq*.  Plaintiffs Amended Complaint maintains the same fourth cause of action.  Amended Complaint at 19 ¶ 96.

Defendants Second Motion to Dismiss [Doc. No. 28] leaves this cause of action unaddressed.

Plaintiffs, in subsequent briefing, note that "[a]s stated in Plaintiffs' [Amended] Complaint, the underlying reason for this unconstitutional treatment has to do with the economic anti-competition motives of other professionals and the support of this disparate treatment by the ADA and the Defendants." Response to Motion to Dismiss [Doc. No. 29] at 18. In Plaintiffs' Motion, the relevant sections of 15 U.S.C. are never cited, though "anticompetitive result[s]" are mentioned in the section on the denial of equal protection. *See* Plaintiffs' Motion at 31. Defendants' Motion for Summary Judgment also fails to mention the fourth cause of action. Filings by all parties in this case characterize the instant lawsuit as a 42 U.S.C. § 1983 action.

On the record as it stands, the Court is unable to discern if the fourth cause of action in Plaintiffs' Amended Complaint was intended to raise allegations of unconstitutional conduct actionable through 42 U.S.C § 1983, or allege separate violations of the Sherman Act, 15 U.S.C. § 1. Therefore, the parties are ordered to submit additional briefing on the matter as set forth below.

## CONCLUSION

In light of the guidance from the Tenth Circuit, and the persuasive authority counseling against the application of the continuing violations doctrine, the Court finds Plaintiffs' 42 U.S.C. § 1983 claims are time barred. Because the Court is unable to discern whether all federal claims have been disposed of, the Court orders further briefing on

Plaintiffs' fourth cause of action, so it can then decide whether an exercise of supplemental jurisdiction over state law claims would be proper.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. No. 61] is **GRANTED** on Plaintiffs' 42 U.S.C. § 1983 claims.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Judgment as a Matter of Law [Doc. No. 50] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants submit a supplemental brief-in-chief addressing Plaintiffs' fourth cause of action by May 8, 2020.   Defendants' supplemental brief shall not exceed ten (10) pages in length. Plaintiffs may file a response fourteen (14) days thereafter.  The response brief shall not exceed ten (10) pages in length. Defendants may file a reply seven (7) days after Plaintiffs file their response brief, and the reply brief shall not exceed five (5) pages.

**IT IS FURTHER ORDERED** that the consideration as to whether the Court will exercise supplemental jurisdiction over any remaining state law claims is reserved pending review of the supplemental briefs.

**IT IS SO ORDERED** this 21st day of April, 2020.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge