IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH P. SEAY, D.D.S., MS, <br> LOIS JACOBS, D.D.S., MS, <br><br> *Plaintiffs*, <br> v. <br><br> OKLAHOMA BOARD OF DENTISTRY, <br> et. al., <br> *Defendants*. | Case No. CIV-17-682-D |

**O R D E R**

Before the Court is Defendants' Supplemental Brief-in-Chief to Defendants' Motion for Summary Judgment Addressing Plaintiffs' Fourth Cause of Action – Restraint of Trade [Doc. No. 68]. Plaintiffs have responded [Doc. No. 74], to which Defendants have replied [Doc. No. 75].

**BACKGROUND**

This dispute centers around specialty licenses in dentistry. Plaintiffs are dentist anesthesiologists who both hold advanced degrees. They are licensed as general dentists, although their practice is focused exclusively on providing anesthesia services.

Sections of the Oklahoma Dental Act and the Oklahoma Board of Dentistry Rules prohibit Plaintiffs from advertising to the public as specialists, as Plaintiffs' field is not recognized as a specialty and thereby precludes them from obtaining a specialty license. OKLA. STAT. tit. 59, § 328.22(A)(2). Plaintiffs may not advertise as specialists without holding a specialty license.

Plaintiffs filed suit against Defendants alleging four causes of action: (1)

Deprivation of Property and Liberty Interests Without Due Process of Law; (2) Equal Protection; (3) Freedom of Speech; and (4) Restraint of Trade in Violation of 15 U.S.C. §§ 1–26.  On April 21, 2020, the Court granted summary judgment in Defendants' favor as to the 42 U.S.C. § 1983 claims because the claims were barred by the statute of limitations. *See* Order [Doc. No. 67]. As to the fourth cause of action, restraint of trade, the Court ordered the Parties to file the instant supplemental briefing.

## STANDARD

Summary judgment is appropriate when "'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010) (quoting FED. R. CIV. P. 56(c)). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

## DISCUSSION

The relevant question before the Court is whether the restraint of trade claims are

time-barred.[1] "In general, '[t]he statute of limitations for federal antitrust actions is four years.'" *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1088 (10th Cir. 2006) (quoting *Kaw Valley Elec. Coop. Co. v. Kan. Elec. Power Coop., Inc.*, 872 F.2d 931, 933 (10th Cir. 1989)). "The general rule is that an antitrust 'cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business.'" *Kaw Valley*, 872 F.3d at 933 (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971)). The parties agree on the four-year period but disagree on the date of accrual.

Defendants assert that Plaintiffs' cause of action would have accrued in the 1990s, and accordingly, is barred by the four-year statute of limitations. Defs.' Suppl. Br. [Doc. No. 68] at 7. Plaintiffs, however, rely on the continuing conspiracy doctrine to assert their action is not time-barred. Pls.' Resp. Br. [Doc. No. 74] at 6. Plaintiffs' position is that the clock reset each time the statute was amended in 2015, 2018, and 2019. *Id.* at 5.

"[F]or an act to trigger the [continuing conspiracy doctrine]: '1) It must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff.'" *Champagne Metals*, 458 F.3d at 1087 (quoting *Kaw Valley*, 872 F.3d at 933).

Part one of the test requires the act to be new and independent—not a reaffirmation of a previous act. As to the act, Plaintiffs contend that the regulatory scheme and the continued threat of enforcement constitutes restraint of trade. *See* Suppl. Compl. [Doc. No.

---

[1] Although the parties raise other arguments, the Court need not address them because of the Court's determination of the statute of limitations issue.

3

19] at 17. Concerning the regulatory scheme, Plaintiffs state that the "1970 or 1998 versions of the statute were not final and could be amended any year to fix the restraint of trade problem." Pls.' Resp. Br. [Doc. No. 74] at 6. According to Plaintiffs, the 2015, 2018, and 2019 amendments to the statute were new and independent acts that reset the clock. *Id.*

In deciding whether an act is new and independent, the Tenth Circuit has considered the finality of the initial act. In the context of refusal to deal cases, if the first refusal was final, the statute of limitations begins to run, and no new cause of action accrues if the party makes subsequent attempts to deal. *See Kaw Valley*, 872 F.3d at 933–34. If, however, the initial refusal was not final, each time the party attempts to deal and is rejected, a new cause of action accrues. *Id.*

The Tenth Circuit applied this finality rationale in *Kaw* in the context of refusing to share power. There, the Tenth Circuit looked to the form of the refusal to determine whether it was final *Id.* In *Kaw*, the refusal was a resolution passed by a board. *Id.* The Tenth Circuit discussed the language of the resolution, noting that "[t]he language of the resolution indicates its finality," and it "sent a clear message to [the plaintiff] that if it wanted power, it would have to join up or litigate." *Id.* at 934–35. The board had exclusive control over the input they were denying the plaintiff. *See Champagne*, 458 F.3d at 1089 (discussing *Kaw Valley*). As such, the board's decision required no further action. *Id.*

Here, applying this rationale, the statute is final.[2] The Specialty License Section of the Oklahoma Dental Act, like all statutes, began as a bill that passed through committees,

---

[2] Plaintiffs' assertion that the statute was not final because it could be amended at any time is unpersuasive, as this is true for any statute.

4

was voted on by both chambers of the Oklahoma legislature, and signed by the Governor. After the statute was passed, no further action was required. Subsequent attempts to amend the statute to include dental anesthesiology did not restart the statute of limitations. Likewise, subsequent successful amendments to the statute that omitted the dental anesthesiology specialty did not restart the statute of limitations. Plaintiffs have failed to meet their burden as to the first prong of the continuing conspiracy doctrine. As such, Plaintiffs' restraint of trade claim is time-barred.

## CONCLUSION

The Court finds that Defendants are entitled to summary judgment on Plaintiffs' restraint of trade claim for the reasons discussed herein.[3] Accordingly, Defendants' Supplemental Brief-in-Chief to Defendants' Motion for Summary Judgment Addressing Plaintiffs' Fourth Cause of Action – Restraint of Trade [Doc. No. 68] is **GRANTED**, and this Order disposes of the remaining claims in this action. A separate judgment will be issued accordingly.

---

[3] "'A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.'" *Apache Tribe of Oklahoma v. Brown*, 966 F. Supp. 2d 1188, 1197–98 (W.D. Okla. 2013) (quoting *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009)). The Tenth Circuit, however, has cautioned district courts: "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). The Court has granted summary judgment to Defendants on the 42 U.S.C. § 1983 claims, [Doc. No. 67], and now on the restraint of trade claim. To the extent that any claims under the Oklahoma constitution remain, which are not apparent to the Court, the Court declines to exercise supplemental jurisdiction.

**IT IS SO ORDERED** this 12th day of April, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge